UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00027-MOC

| | | |
|---|---|---|
| **GERALD ROBINSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance Benefits and Supplemental Security Income. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the

ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, plaintiff timely filed this action.

## II. Factual Background

It appearing that the ALJ's findings of fact, as distinguished from her vocational conclusions, are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had he been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d.  If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e.  If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)-(f). In this case, the Commissioner determined plaintiff's claim at the fifth step of the sequential evaluation process with the assistance of testimony from a Vocational Expert.

### C. The Administrative Decision

At Step One of the Sequential Evaluation Process, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 7, 2011, his amended alleged onset date. AR at 15. At Step Two, the ALJ found that plaintiff had the following severe impairments: myalgia; high blood pressure; morbid obesity; bipolar disorder; anxiety; and borderline intellectual functioning. Id. At Step Three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 16). Before moving on to the Fourth and Fifth Steps, the ALJ made a Residual Functional Capacity ("RFC") determination, as follows:

> [he could] perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). More specifically, although the

claimant can engage in light levels of physical exertion, he is limited to frequent, but not constant, pushing, pulling, and use of hand controls. Similarly, the claimant can engage in frequent, but not constant, stair climbing, balancing, kneeling and crouching and crawling. In addition, the claimant is limited to occasional ladder climbing and to occasional stooping. Moreover, the claimant is precluded from overhead reaching with his non-dominant left hand and he is precluded from concentrated exposure to dangerous machinery and unprotected heights. Finally, the claimant is limited to the performance of simple, repetitive tasks and instructions and he is precluded from contact with the public.

AR at 17. At Step Four, the ALJ found that with such an RFC, plaintiff was unable to perform any past relevant work. AR at 20. At Step Five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform, AR at 20, and then determined that plaintiff was not disabled from October 7, 2011, his amended alleged onset date, through November 14, 2013, the date of the ALJ's decision. AR at 21-22.

**D. Discussion**

**1. Plaintiff's Assignments of Error**

Plaintiff contends that:

I. the residual functional capacity ("RFC") determination made by the administrative law judge ("ALJ") did not sufficiently account for the ALJ's finding at step three that plaintiff had moderate difficulties in concentration, persistence, or pace, as required by *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), a case which post-dates the final decision of the Commissioner, and the ALJ did not adequately address inconsistencies between her RFC

> determination and findings in a consultative examination report to which the ALJ assigned weight; and

II. the ALJ erred by declining to address Listing 12.05C at Step Three of the Sequential Evaluation Process.

The court finds the first issue dispositive of this appeal.

## 2. First Assignment of Error: Compliance with *Mascio*

The Court of Appeals for the Fourth Circuit held in Mascio, supra, that "[r]emand may be appropriate ... where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 2015 WL 1219530, at *3 (4th Cir. Mar.18, 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir.2013)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. at *5 "In particular, although the ALJ concluded that Mascio can perform certain functions, he said nothing about Mascio's ability to perform them for a full workday. Id. at *3.

The fundamental guidance this court has drawn from the decision in Mascio is that generic findings by an ALJ that a claimant is capable of simple, repetitive

tasks is no longer sufficient under SSR 96-8p. In this case, it appears that the ALJ's determination runs counter to the subsequent holding in Mascio. After listing a number of exertional limitations, the ALJ concluded that plaintiff was "limited to the performance of simple, repetitive tasks and instructions and he is precluded from contact with the public." AR at 17. That finding is nearly identical to the one found wanting in Mascio. Such "boilerplate" (as the court described it in Mascio) leaves the court without an administrative determination specifically that specifically addresses plaintiff's ability to stay on task for a full workday and the evidence that informed such decision. Put another way, we all know people who are capable of performing simple, repetitive tasks -- such as the octogenarian who can knit -- but who, despite such ability, would not be capable of performing that task for any prolonged period much less a workday due to some infirmity.

While the ALJ has properly referenced medical records in support of her finding that plaintiff experienced moderate limitations in concentration, persistence, and pace, that determination is not adequately accounted for in the RFC determination. Earlier, the ALJ had assigned great weight to consultative opinions that plaintiff suffered "at least moderate to severe impairment in remembering vital information and following directions in an employment setting at this time," AR at 303, but such evidence is simply not accounted for in a determination that plaintiff

is capable of "simple, repetitive tasks" because such finding lacks a longitudinal or durational component that is not only suggested by such evidence, but now required under Mascio.

A remand for a new hearing is appropriate.

**E.      Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, plaintiff's Reply to the Commissioner's brief, and plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is not supported by substantial evidence in light of the instructions found in Mascio.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1)    the plaintiff's Motion for Summary Judgment (#10) is **GRANTED**;

(2)    the Commissioner's Motion for Summary Judgment (#13) is **DENIED**;

(3)    the decision of the Commissioner, denying the relief sought by plaintiff, is **REVERSED** and **REMANDED** for a new hearing in light of Mascio, supra; and

(4) this action is **DISMISSED**.

Signed: November 2, 2015

Max O. Cogburn Jr.
United States District Judge